**In re #1 CON–STRUCT CORP., Crest Concrete Company, Inc., R.N. Hicks Construction Company, Inc., Debtors.**

**Peggy S. HICKS, Plaintiff,**

**v.**

**Robert L. TURCHIN, Chapter 7 Trustee, Defendant.**

**Bankruptcy No. 85–00101–BKC–SMW. Adv. No. 88–0261–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Aug. 2, 1988.

Robert R. Frank, North Bay Village, Fla., for plaintiff.

Robert G. Hewitt, Miami, Fla., for defendant.

Allan M. Elster, North Miami Beach, Fla., for Laborers.

Carl K. Hoffmann, Miami, Fla., for Employers of Wausau.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Peggy S. Hicks for reestablishment of a lost instrument and a declaratory judgment relating to Property of the Estate pursuant to 11 U.S.C. § 541, and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby

make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. Sec. 157(a,b) and Sec. 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C.A. Sec. 157(b)(2)(A).

On July 9, 1984, R.N. Hicks Construction Company, Inc., the "debtor", obtained a life insurance policy from Penn Insurance and Annuity Company on the life of Ray N. Hicks, the President and a 50% shareholder of the debtor, in the amount of $500,000.00 wherein the debtor was the beneficiary. The debtor paid the original premium deposit of $1,250.00 and later made an additional deposit of $8,750.00. No other premium payments were made by any party. At the same time, the debtor obtained a similar policy on the life of Thomas Prieur, a Vice President and 50% stockholder in the company; however, no additional premium payments were made after the original deposit of $1,250.00, so it was terminated in 1985.

The debtor filed its Voluntary Petition on January 18, 1985, and its principals, Ray N. Hicks and Peggy S. Hicks and Thomas Prieur and Carolyn Prieur thereafter filed for bankruptcy.

Ray N. Hicks died on June 11, 1987, at which time the insurance policy on his life was in full force and effect. The proceeds of $500,000.00, plus interest, were thereafter paid to the Chapter 7 Trustee.

Peggy S. Hicks seeks to reestablish a lost Stockholders Agreement executed in 1981 providing for the purchase of stock by the surviving stockholder and seeks to prove that the purpose of the subject insurance policy was to provide funds to the surviving stockholder to complete the purchase of stock under that Agreement.

■ The Stockholders' Agreement was not scheduled in the bankruptcy proceedings of Ray N. Hicks and Peggy S. Hicks or of Thomas Prieur and Carolyn Prieur and was not assumed by the Trustee for the estate of such debtors. Neither the subject insurance policy nor the Stockholders' Agreement were set forth in the Schedules and Statement of Affairs filed in this bankruptcy, and the Stockholders' Agreement was not assumed by the Trustee in this case.

Not having been assumed by the Chapter 7 Trustee for the stockholders nor by the Chapter 7 Trustee of R.N. Hicks Construction Company, Inc., the Stockholders' Agreement and any oral agreement relating to same were rejected pursuant to 11 U.S.C. § 365(d)(1).

■ As a stockholder, the Plaintiff asserts that the insurance proceeds belonged to the debtor and are not Property of the Estate pursuant to 11 U.S.C. § 541(a)(5)(C) since Ray Hicks did not die within 180 days after the Petition commencing the case was filed. The Trustee asserts that the debtor's interests as beneficiary and as owner of the policy became Property of the Estate pursuant to 11 U.S.C. § 541(a)(1) and that the insurance proceeds and interest thereon are Property of the Estate pursuant to 11 U.S.C. § 541(a)(6). Clearly, the insurance policy became Property of the Estate under Sec. 541(a)(1). See *McCulloch v. Williams (In re McCulloch & Son, Inc.)*, 30 B.R. 7, 8 (Bankr.D.Or.1983), and *In re Butcher*, 72 B.R. 240 (Bankr.E.D.Tenn.1987). The policy proceeds and interest thereon, being proceeds of Property of the Estate, became Property of the Estate under Sec. 541(a)(6).

Having all the rights and powers exercisable by the debtor, the Trustee not only owned the policy and the beneficial interest thereunder, but he also had the right to change the beneficiary. See *In re Butcher*, supra, at p. 244.

■ The Plaintiff's claim to the insurance proceeds would be disallowed under Florida law even in the absence of the applicable Bankruptcy Code provisions. Whether the Plaintiff claims that the insurance proceeds were intended to be used to purchase her stock or to fund the purchase of stock by the surviving stockholder, any such agreement is unenforceable under Florida law since the debtor is insolvent.

Both Fla.Stat. § 607.174 and Fla.Stat. § 607.201 preclude the purchase by a corporation of its own shares when the corporation is insolvent. Fla.Stat. § 607.137 authorizes the payment of dividends by a corporation except when the corporation is insolvent or when the payment of such dividends would render the corporation insolvent. The payment of corporate assets to one stockholder to purchase the stock of another would be clearly an unauthorized dividend.

Based on the foregoing, the Court finds that the insurance policy and its proceeds with interest are Property of the Estate pursuant to 11 U.S.C. § 541(a)(1) and (6) and that any alleged agreement between the debtor and its stockholders was rejected pursuant to 11 U.S.C. § 365(d)(1) and any agreement to divert assets from an insolvent corporation is unenforceable under Florida law.

A separate Final Judgment of even date has been entered in conformity herewith.